**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                                        **Civil Action No. 3:13-cv-46
Criminal Action No. 3:11-CR-65-1
(BAILEY)**

**TERRY LEE CONDREY**,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on July 12, 2013 [Crim. Doc. 154]. In that filing, the magistrate judge recommended that this Court deny petitioner's § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Crim. Doc. 156] on July 23, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

I.   **Factual and Procedural History**

On November 15, 2011, a grand jury charged petitioner Terry Lee Condrey with nine drug-related offenses, including one count of aiding and abetting the distribution of cocaine base within 1000 feet of a school, one count of aiding and abetting the possession of cocaine base with intent to distribute within 1000 feet of a school, six counts of distributing cocaine base within 1000 feet of a school, and one count of conspiracy, in violation of various sections of Titles 18 and 21 of the United States Code. [Crim. Doc. 1].

On January 14, 2012, petitioner signed a plea agreement in which he agreed to plead guilty to Count Nine of the indictment. [Crim. Doc. 34 at 1]. In that plea agreement, petitioner waived both his right to directly appeal any sentence at or below the statutory maximum and his right "to challenge his sentence or the manner in which it was determined in any collateral attack, including[,] but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus)." *Id.* at 4. Petitioner's guilty plea was entered in open court before Magistrate Judge Joel on January 26, 2012. [Crim. Doc. 97 at 29:9–17]. When asked by the court, petitioner stated that he understood he was giving

up his right to file habeas petitions attacking the legal validity of his guilty plea and pursuant sentence. *Id.* at 15:9–15. Petitioner further acknowledged that he had been adequately represented by his attorney—testifying, in fact, that counsel represented him "[t]o the fullest." *Id.* at 30:16–23. The court found that petitioner's plea was "freely and voluntarily made," and that petitioner had "full knowledge and understanding" of the plea and its consequences. *Id.* at 30:24–31:3.

Petitioner appeared before this Court for sentencing on May 10, 2012, and was sentenced to 210 months' incarceration and twelve years of supervised release. [Crim. Doc. 76 at 1–3]. As fully recounted in Magistrate Judge Joel's R&R, despite waiving his right to directly appeal or collaterally attack his conviction and sentence, petitioner has since filed an appeal of his conviction to the Fourth Circuit [Crim. Doc. 79], which affirmed[1] on December 26, 2012, finding that petitioner's waiver of his appellate rights was knowing and intelligent and that there were "no meritorious issues for appeal" [Crim. Doc. 125]; a petition for certiorari to the Supreme Court [4th Cir. PACER Docket No. 12-4375, Doc. 44], denied on June 24, 2013 [4th Cir. PACER Docket No. 12-4375, Doc. 46]; a Motion to Modify Sentence pursuant to 18 U.S.C § 3852(c)(2) [Crim. Doc. 107], denied by this Court on August 8, 2012 [Crim. Doc. 109]; an appeal of that denial to the Fourth Circuit [Crim. Doc. 111], which affirmed on December 27, 2012 [Crim. Doc. 127]; a second Motion to Modify Sentence pursuant to 18 U.S.C. § 3852(c)(2) [Crim. Doc. 141], denied by this Court

---

[1] Finding that petitioner knowingly and voluntarily waived his right to appeal any sentence below or at the statutory maximum, the Fourth Circuit dismissed petitioner's appeal of his sentence. Per Curiam Decision of USCA at 2–3 [Crim. Doc. 125]. Turning to the issue of petitioner's conviction, the Fourth Circuit reviewed the Rule 11 colloquy for plain error and found none. *Id.* at 3.

3

on May 28, 2013 [Crim. Doc. 145]; and finally, the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Crim. Doc. 131].

## II. Analysis

This Court has carefully reviewed petitioner's objections to Magistrate Judge Joel's R&R and finds no conceivable grounds upon which petitioner could obtain relief. In addition to waiving his right to directly appeal his conviction, petitioner waived his right to collaterally attack his sentence through a § 2255 motion or otherwise. As described above, petitioner's direct-appeal waiver has been exhaustively adjudicated and found valid. Although the legal standard for validity of a collateral-attack waiver (also called a "§ 2255 waiver") mirrors that of a direct-appeal waiver, this Court will briefly review the standard here.

As with a direct-appeal waiver, a criminal defendant may waive his right to collaterally attack his sentence and conviction, so long as that waiver is made knowingly and voluntarily. **United States v. Lemaster**, 403 F.3d 216, 220 (4th Cir. 2005); **Garcia-Santos v. United States**, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam); **United States v. Cockerham**, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002); **DeRoo v. United States**, 223 F.3d 919, 923 (8th Cir. 2000); **Watson v. United States**, 165 F.3d 486, 488–89 (6th Cir. 1999); **United States v. Wilkes**, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam); **United States v. Abarca**, 985 F.2d 1012, 1014 (9th Cir. 1993). Section 2255 waivers are subject to the same exceptions and limitations as direct-appeal waivers. *See* **Lemaster**, 403 F.3d at 220 & n.2 ("[W]e see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.")

Federal Rule of Criminal Procedure 11 outlines the procedures that a district court must follow in order to ensure that the defendant is voluntarily, knowingly, and intelligently pleading guilty to an offense.  Before the court may accept a guilty plea, the defendant must be placed under oath and the court must address the defendant personally in open court. Fed. R. Crim. P. 11(b)(1).  Consequently, statements the defendant makes during that colloquy are particularly strong evidence of whether the defendant knowingly and voluntarily waived his rights in the plea agreement.  *See, e.g.*, **Lemaster**, 403 F.3d at 221 ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." (internal quotations omitted))*;* **United States v. Brown**, 232 F.3d 399, 405–06 (4th Cir. 2000) (concluding that the defendant's Rule 11 colloquy "clearly reveal[ed]" that his waiver was knowing and voluntary); *see also* **United States v. Davis**, 954 F.2d 182, 186 (4th Cir. 1992) (explaining that whether a waiver is knowing and intelligent depends on the particular circumstances of the case, "including the background, experience, and conduct of the accused." (quoting **Johnson v. Zerbst**, 304 U.S. 458, 464 (1938))).

The Fourth Circuit has identified three types of claims that fall outside the scope of a valid, generally enforceable waiver: first, where the defendant claims his sentence is predicated on some constitutionally impermissible factor, such as race; second, where the defendant claims his sentence exceeds the maximum penalty provided by law; and third, where the defendant claims ineffective assistance of counsel, and the conduct that undergirds that claim took place *after* the defendant entered his guilty plea.  **Brown**, 232 F.3d at 403; **Lemaster**, 403 F.3d at 220.

Here, all of defendant's claims are barred by his knowing and voluntary § 2255 waiver. In his objections to Magistrate Judge Joel's R&R, petitioner asserts that (1) his prior drug conviction should not have been used to calculate his base offense level; (2) the seizure of cocaine base from his residence was unconstitutional; (3) counsel was ineffective because counsel failed to file a motion challenging that seizure and "failed to advise [petitioner] on 'Corpus Delicti Rule' and 'Corroborating Evidence Rule'"; and (4) his prior drug convictions should not have been used to enhance his sentence.

This Court has reviewed the transcript of petitioner's Rule 11 colloquy and finds, as did the Fourth Circuit when petitioner's direct-appeal waiver was at issue, that petitioner's § 2255 waiver was made knowingly and voluntarily. [*See* Crim. Doc. 97 at 15:03–16:10 ("THE COURT: 'Do you understand that under the terms of the plea agreement, you are giving up the right . . . to file habeas corpus petitions attacking the legal validity of the guilty plea and the sentence?' THE DEFENDANT: 'Yes, sir.'")]. Further, none of the three circumstances that would allow petitioner to maintain this attack despite his valid § 2255 waiver obtain: petitioner does not allege that his sentence was predicated on a constitutionally impermissible factor, such as race; the duration of petitioner's sentence falls well below the maximum range provided by statute[2]; and petitioner's claim for ineffective assistance of counsel is grounded in conduct that occurred before petitioner entered his guilty plea.[3] Because petitioner's attack is thus barred by his valid § 2255 waiver, it is

---

[2] Petitioner was sentenced to a term of 210 months', or 17.5 years', imprisonment; he faced a maximum penalty of 60 years' imprisonment. [Crim. Doc. 76 at 2; Crim. Doc. 97 at 7:12–14].

[3] Moreover, petitioner understood the consequences of his plea; in fact, during the Rule 11 colloquy, this Court explained, and petitioner confirmed he understood, the limited scope

unnecessary for this Court to address the merits of his claims.

It is the opinion of this Court that the magistrate judge's Report and Recommendation **[Crim. Doc. 154, Civ. Doc. 6]** should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections **[Crim. Doc. 156]** are **OVERRULED**. The respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment **[Crim. Doc. 146]** is hereby **GRANTED**. Further, the petitioner's Motion to Proceed Informa Pauperis **[Crim. Doc. 133]** is **DENIED as moot**.

Accordingly, this Court hereby **DENIES** and **DISMISSES with prejudice** the petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence **[Crim. Doc. 131, Civ. Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

---

of petitioner's rights concerning *all* of the grounds he now raises in this § 2255 attack. [*See* Crim. Doc. 97 at 19:02–24:16 (discussing petitioner's maximum sentence, the role the Sentencing Guidelines would play in determining that sentence, the stipulations regarding petitioner's previous drug convictions, and petitioner's restricted right to appeal, before finding that petitioner understood the consequences of a guilty plea)].

**DATED**: October 3, 2013.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE